JACOB MYERS *v.* A. HAMMOND *et als.*

1. OFFICE AND OFFICERS. *Constable's return. What it must state.* A constable's return, under oath, that he had executed a summons upon two defendants, supported by the justice's endorsement of judgment thereon and the issuance of execution, cannot be overturned by the equivocal denial of one of the defendants that he had not been served with notice of the suit.

2. RECORDS OF JUSTICE'S COURT. *How construed. Practice.* Where the caption of the judgment embraces the names of both defendants, and the term "defendant" is employed in the body thereof, such term must be construed as referring to the names used in the caption.

FROM GREENE.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

No counsel marked for either party.

NICHOLSON, C. J., delivered the opinion of the court.

In this case Allen seeks to avoid liability on two grounds.

1. He says "he has no recollection of ever having been cited to trial, and denies that any summons or other process was served upon him." We must understand this as a denial according to his recollection. To this is opposed the return of the constable upon a warrant against Vestal and Allen. That return is: "Executed for trial on the 25th of August, 1860." The fair construction of this language is, that the

summons was executed upon both of the parties named in it. This return is upon oath, and is not over-turned by the equivocal denial of Allen; besides, the endorsement of the judgment on the summons by the magistrate, and the issuance of the execution, show that the justice of the peace understood the summons as having been served on both defendants named in it. We think it reasonably certain that in rendering his judgment the justice used the word "defendant" as a general term, embracing both parties named in the caption as defendants.

2. The next defense relied on by Allen is, that "shortly after the close of the war, he notified com-plainant to make his debt, if he had not already done so, out of Vestal, the principal in the note, as he was then largely engaged in mercantile business, but that complainant failed to do so. It is enough to say that no evidence is adduced to support this defense, and, being a defense in avoidance of an admitted lia-bility, it devolved on him to sustain it by proof.

It follows that Allen is liable for the amount of the judgment.

Defendants Ervin and Davis, sureties of the con-stable Hammond, rely for their defense on two grounds.

1. They insist that the circumstances show that the constable never collected the money on the exe-cution, and therefore they are not responsible. This is true, but they bring forward this execution and show that it was never returned by the constable to the justice.

2. To avoid liability for the non-return of the execution, they state in their answer that very soon after the issuance of the execution the war became flagrant, and that the justice of the peace left the county, and that if the constable had not also left, it was impossible for him to make return within the thirty days. But no proof is brought forward to sustain this excuse for the failure to return the execution. It was incumbent on them to sustain this defense by proof, and having failed to do so, they are liable to judgment for the non-return of the execution.

The result is, that complainant is entitled to a decree against Allen, and also against Ervin and Davis as sureties on the constable's bond, for the amount of the judgment, interest and costs, but not for $12\frac{1}{2}$ per cent penalty. Allen, however, is first liable, and afterwards Ervin and Davis.

The decree of the Chancellor is modified as indicated, and the costs of this court will be divided between Allen and the other two defendants, and Allen will pay the costs of the court below.